# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                              CR 13-3073 RB

ROBERT LOPEZ,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Robert Lopez, who was arrested on a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), appeared for his initial presentment on June 4, 2013. (Doc. 5.) Under 18 U.S.C. § 3161(b), the Government was allowed thirty days from that date to file an information or indictment against him. However, at his preliminary detention hearing two days later, Lopez waived his right to a preliminary hearing (Doc. 9), and at his request I entered an order tolling grand jury presentment for an additional seventy-five days pursuant to § 3161(h)(7)(A) (Doc. 10). This extension effectively gave the Government until September 17, 2013, to file an indictment. However, due to a miscalculation by the Government, an indictment against Lopez was returned one day late, on September 18, 2013. (*See* Doc. 19.)

Both parties agree that 18 U.S.C. § 3162(a)(1) requires that this case be dismissed. (Doc. 23 at 3; Doc. 24 at 4.) However, while Lopez has moved for dismissal with prejudice (Doc. 23 at 3), the Government argues that dismissal should be without prejudice (Doc. 24 at 2-4). This matter has been referred to me to conduct hearings, perform legal analysis, and recommend an ultimate disposition of Lopez's motion to dismiss. (Doc. 27.) On September 30, 2013, I

conducted a hearing on this matter. (Doc. 25.) Having considered the parties' filings and arguments and the relevant law, I recommend that Lopez's motion be granted in part and denied in part and that this action be dismissed without prejudice.

The Speedy Trial Act provides in relevant part that if no information or indictment is filed against a person within the time limits required under § 3161(b) and (h), the criminal charges against him must be dismissed. 18 U.S.C. § 3162(a)(1). Although dismissal is mandatory under the statute, whether that dismissal is with or without prejudice is left to the discretion of the Court. *Id.* In exercising this discretion, the Court should consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." *Id.*

First, if the offense allegedly committed by Lopez is considered serious, this weighs in favor of dismissal without prejudice. *See United States v. Saltzman*, 984 F.2d 1087, 1092-93 (10th Cir. 1993). Although Lopez insisted at the hearing that the charge here should not be considered a violent offense, the Tenth Circuit has recognized that a charge of being a felon in possession of a firearm is in fact a serious offense. *United States v. Toombs*, 713 F.3d 1273, 1280 (10th Cir. 2013) (citing *United States v. Williams*, 576 F.3d 1149, 1157 (10th Cir. 2009)). "When the charges are serious, courts should impose the sanction of dismissal with prejudice only for a correspondingly serious delay, especially in the absence of a showing of prejudice." *Saltzman*, 984 F.2d at 1093 (quoting *United States v. May*, 819 F.2d 531, 534 (5th Cir. 1987)).

Second, in evaluating the facts and circumstances leading to dismissal, the Court should focus "on the culpability of the delay-producing conduct." *Id.* at 1093 (citation omitted). "Where the delay is the result of intentional dilatory conduct, or a pattern of neglect on the part of the

Government, dismissal with prejudice is the appropriate remedy." *Id.* at 1093-94 (citation omitted). "Conversely, a defendant who waits passively while the time runs has less claim to dismissal with prejudice than does a defendant who demands, but does not receive, prompt attention." *Id.* at 1094 (citation and internal punctuation omitted). While Lopez suggested at the hearing that the Government has engaged in conduct that ultimately amounts to a pattern of neglect over the course of many criminal cases, the Tenth Circuit tends to focus this analysis on the Government's actions only in the case under consideration. *See, e.g.*, *Toombs*, 713 F.3d at 1280. Lopez does not point to any specific instances of negligent or dilatory conduct by the Government, either in this case on in any other, and I am aware of none here. Moreover, Lopez does not dispute the Government's argument that the one-day delay was due to a mere miscalculation of dates, and he does not assert that the Government engaged in this delay to gain any sort of tactical advantage in the case. Finally, it is relevant to note that Lopez himself "completely acquiesced to the postponement of his indictment" when he requested a seventy-five-day extension of time under § 3161(h)(7)(A). *See Saltzman*, 984 F.2d at 1094. "Because [Lopez] knowingly acquiesced to speedy indictment delay," and because he does not point to dilatory or negligent conduct by the Government, the second factor weighs in favor of dismissal without prejudice. *See id.*

Third, in considering the impact of reprosecution on the administration of the Speedy Trial Act and on the administration of justice, the Court should consider whether the government's delay was intentional. *See Toombs*, 713 F.3d at 1281. The Court should also consider the prejudice suffered by the defendant as a result of the delay. *See, e.g.*, *United States v. Cano-Silva*, 402 F.3d 1031, 1034-35 (citing *United States v. Taylor*, 487 U.S. 326, 333-34 (1988)). The Government has insisted that the delay in this case was not intentional, and Lopez

stated at the hearing that he takes this statement "at face value." Further, although Lopez bears the burden of showing any "specific prejudice other than that occasioned by the original filing," *Saltzman*, 984 F.2d at 1094, he does not point to any prejudice at all resulting from the single-day delay in filing the indictment. As the Government points out (Doc. 24 at 4), Lopez had already been released on bond in June 2013, so he was not imprisoned any longer than he otherwise would have been. Given these facts, I conclude that the administration of justice would be best served by dismissal without prejudice.

In light of the seriousness of the charge in question, the lack of intentionally dilatory conduct or any pattern of neglect, and the impact of reprosecution on the administration of justice, the appropriate remedy for the Government's one-day delay in filing the indictment here is dismissal without prejudice. As such, I recommend that the Court grant in part and deny in part Lopez's motion to dismiss (Doc. 23), thereby dismissing this case without prejudice.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

                                                                      _____
                                                                       William P. Lynch
                                                                       United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.